UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRISTOPHER L. SCRUGGS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Cause No. 3:16-CV-050 JD |
|  | ) |  |
| STG. MILLER, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, moves for reconsideration (DE 19) of the screening order issued pursuant to 28 U.S.C. § 1915A. (DE 7.) Specifically, he argues that the court erred in dismissing C.O. Sternberg.

As was outlined in the screening order, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, a complaint must contain enough factual matter to state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the court must bear in mind that "[a] document filed

-1-

*pro se* is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The facts underlying the complaint were fully outlined in the prior order and will not be repeated here, except as is relevant to the present motion. In short, Scruggs is an inmate at the Westville Control Unit. On November 22, 2015, Scruggs threw water onto C.O. Sternberg as she passed by his cell. C.O. Sternberg then called Stg. Miller and Stg. SinClair for assistance. When Miller and SinClair arrived, Sternberg told them that the substance Scruggs threw on her burned. C.O. Sternberg further instructed Miller and SinClair "to get" Scruggs. Miller and SinClair told Scruggs that he "was a nigger and that [he] would see what niggers get, and that [Scruggs] fucked up by putting whatever on a 'white woman.'" (DE 2 at 3.) Subsequently, Miller and SinClair, under the orders of Lt. Creasy, pepper sprayed him three times to get revenge for his throwing water on C.O. Sternberg. (DE 3 at 3.)

As to C.O. Sternberg, the court has carefully reviewed the selected passages of the complaint Scruggs points to in his motion. Although his allegations are somewhat thin, giving the complaint liberal construction and affording him every inference, the court concludes that he has stated enough to proceed further against C.O. Sternberg. The complaint can be read to allege that C.O. Sternberg acted to induce Stg. Miller and Stg. SinClair into using excessive force on Scruggs. (DE 2 at 3.) If true, C.O. Sternberg may have acted with deliberate indifference or reckless disregard of Scruggs' constitutional rights. *See Fillmore v. Page*, 358 F.3d 496 (7th Cir. 2004) (noting that an official can be personally responsible if she "acts or fails to act" with deliberate indifference). Further factual development may show that C.O. Sternberg did not act in such a manner or for such reasons, or that she otherwise had no personal involvement in these events. However, giving Scruggs the inferences to which is entitled at this stage, he has alleged

enough to proceed further against this defendant. Therefore, the screening order will be amended accordingly.

For these reasons, the court:

(1) **GRANTS** the motion for reconsideration (DE 19);

(2) **GRANTS** the plaintiff leave to proceed on a claim against Stg. Miller, Stg. SinClair, C.O. Sternberg, and Lt. Creasy in their individual capacities for monetary damages for using excessive force against him on two occasions on November 23, 2015 and one occasion on an unspecified date;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Nurse Cook;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for C.O. Sternberg to the United States Marshals Service along with a copy of the complaint (DE 2), the original screening order (DE 7) and this order;

(6) **DIRECTS** the U.S. Marshals Service to effect service of process on C.O. Miller pursuant to 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that C.O. Sternberg respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: March 31, 2016

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court