UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>NURSE WEST, *et al.*,  )<br>)<br>Defendants.  ) | Cause No. 3:16-CV-033 RM-MGG |

*************************************

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>STG. SINCLAIR, *et al.*,  )<br>)<br>Defendants.  ) | Cause No. 3:16-CV-039 JD-MGG |

*************************************

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>STG. MILLER, *et al.*,  )<br>)<br>Defendants.  ) | Cause No. 3:16-CV-050 JD-MGG |

*************************************

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DR. SHIHADEH,  )<br>)<br>Defendant.  ) | Cause No. 3:16-CV-722 PS-MGG |

*************************************

# REPORT & RECOMMENDATION

Christopher L. Scruggs, a *pro se* prisoner, filed the same motion for preliminary injunction in all four of the above captioned cases. ECF 61 in *Scruggs v. West*, Case No. 3:16-cv-33 (N.D. Ind. filed January 21, 2016, Judge Robert L. Miller); ECF 77 in *Scruggs v. SinClair*, Case No. 3:16-cv-39 (N.D. Ind. filed January 21, 2016, Judge Jon DeGuilio); ECF 157 in *Scruggs v. Miller*, Case No. 3:16-cv-50 (N.D. Ind. filed Feb. 1, 2016, Judge Jon DeGuilio); ECF 18 in *Scruggs v. Shihadeh*, Case No. 3:16-cv-722 (N.D. Ind. filed October 18, 2016, Judge Philip P. Simon) The presiding judges referred this matter for a report and recommendation.

Scruggs is currently housed in the Westville Corrections Control Unit (WCU), the segregation unit of a maximum security correctional facility. He complains that unnamed officials at WCU have taken his "legal work, papers, books, dictionary, writings, pens [and] mailing materials." He states that not having access to these items amounts to depriving him of meaningful access to the courts. Inmates do have a First Amendment right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "only if the defendant's conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Scruggs seeks a preliminary injunction requiring WCU prison officials not to withhold any of his legal materials or supplies. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is

not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Furthermore, under the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

Scruggs has not met these requirements. As a threshold matter, he has no chance of success on the merits of his motion for a preliminary injunction because his claim of being denied meaningful access to the courts is beyond the scope of his claims in these four lawsuits. These lawsuits are about Scruggs allegedly being assaulted and denied medical treatment. Thus, even if Scruggs were successful in them, he would not receive any relief related to his current access to courts claim. *See In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (internal citation omitted). The only relationship that these lawsuits have to the allegations that he is being deprived of access to the courts is that Scruggs fears he will have difficulty litigating these cases in the future. Because the instant motion seeks relief outside the scope of the complaints, Scruggs cannot obtain relief here. *See Williams v. Evelsizer*, No. 12-CV-1082, 2013 WL 3337956, * 1 (July 2, 2013 S.D. Ill.) (holding that a plaintiff is not likely to succeed on the merits when he seeks injunctive relief outside the scope of his complaint).

Nevertheless, even if Scruggs were suing about being denied access to the courts, his motion for preliminary injunction would still be denied. At this point, it is not plausible to find that Scruggs is being denied access to the courts. The court needs to look no further than Scruggs' instant motion

for a preliminary injunction to reach this conclusion. The mere creation and filing of his handwritten motion shows that, contrary to his assertion, he has access to paper and writing utensils. In addition, he has attached to his motion photographs of himself inside his cell, which were obviously provided to him by WCU officials. And, the motion indicates that it was scanned at Westville and e-mailed by prison officials to this court for filing. There is no reasonable indication that he is being denied access to the courts or that anyone is unconstitutionally hindering his ability to litigate his cases.

This conclusion is bolstered by Scruggs' recent activity in his pending cases. Scruggs signed his request for a preliminary injunction on May 18, 2017. At that time, he claimed he did not have access to any legal materials or supplies and was thus unable to litigate. However, just four days later, on May 22, 2017, he signed and submitted a flurry of court filings: four discovery requests (Case No. 3:16-CV-33, ECF 56, 57, 58, 59); a ten page motion for appointment of counsel in all four cases (Case No. 3:16-CV-33, DE 60; Case No. 3:16-CV-39, DE 76; Case No. 3:16-CV-50, DE 156; Case No. 3:16-CV-722, DE 17); and a motion to compel (Case No. 3:16-CV-50, DE 154). Thus, while he claims that he is being denied access to the courts, this is simply not the case. Four days after he filed his motion for preliminary injunction, he filed nine documents amongst his cases. Based on his recent activity, it is not plausible to conclude that Scruggs is being denied access to the courts.

Instead, the limited access Scruggs has to various items is likely a valid condition of his current confinement in the WCU. Segregation units often house the most dangerous inmates, and

are, by their nature, considerably more restrictive.[1] *Walters v. Edgar,* 163 F.3d 430, 435 (7th Cir. 1998); *see also Lekas v. Briley,* 405 F.3d 602, 610-12 (7th Cir. 2005) (observing that inmates in segregation are permissibly subjected to far more restrictive conditions than those in general population, including inability to participate in prison programs, inability to attend church, drastic reduction in exercise and commissary privileges, and drastic reduction in the number and nature of personal items they are allowed to have in their possession). It takes no great leap of the imagination to envision the many reasons that inmates in a segregation unit might not get all the access to papers, books and writing utensils as inmates in the general population. *See Hammer* v. Ashcroft, 570 F.3d 798, 801 (7th Cir. 2009) (approving of different treatment among inmates with different security classifications).

As the U.S. Supreme Court has observed, "the problems of prisons in America are complex and intractable," and "courts are particularly ill equipped to deal with these problems[.]" *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (internal quote marks and citation omitted). Accordingly, courts must afford prison officials "wide-ranging deference" in the day-to-day operations of a correctional facility. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Although prison officials may not deny an inmate access to all legal materials, they are permitted to determine when and under what circumstances the inmate may access those materials. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The federal courts must defer to correctional professionals in the adoption and execution of policies for the operation of a penal institution. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986); *Rhodes v. Chapman*, 452 U.S.

---

[1] In other cases, this court has recognized WCU as a "supermax" facility. *See Littler v. Ind. Dep't of Corr.,* No. 3:11-CV-218, 2013 WL 587901 (N.D. Ind. Feb. 12, 2013); *Smith v. Wilson,* No. 3:07-CV-338, 2007 WL 2903197 (N.D. Ind. Oct. 1, 2007). "Supermax facilities are maximum-security prisons with highly restrictive conditions, designed to segregate the most dangerous prisoners from the general prison population." *Wilkinson v. Austin*. 545 U.S. 209, 213 (2005).

337, 349 n. 14 (1981); *Bell*, 411 U.S. at 547. Thus, while Scruggs may not like it, the fact remains that he is not entitled to have unlimited access to legal materials or supplies while housed at WCU.

As a final matter, there is a simple, practical solution to the restrictive conditions that Scruggs is currently experiencing. If Scruggs needs additional time to meet any future deadline in this case, he should simply request an extension of time when appropriate. And, if he believes that he is unable to litigate these cases are a result of being housed in such restrictive conditions, he may file a motion to stay these cases.

For these reasons, the Court finds that Christopher L. Scruggs is not entitled to preliminary injunctive relief and, therefore, **RECOMMENDS** that the motions (ECF 61 in Case No. 3:16-cv-33; ECF 77 in Case No. 3:16-cv-39; ECF 157 in Case No. 3:16-cv-50; and ECF 18 in Case No. 3:16-cv-722) be **DENIED**.

**NOTICE IS HEREBY GIVEN** that within 14 days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). Failure to file objections within the specified time waives the right to appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F.3d 239 (7th Cir. 1996).

SO ORDERED.

Dated this 2nd Day of June, 2017.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
