UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:16-CV-050-JD-MGG |
| | ) |
| STG. MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Christopher L. Scruggs, a *pro se* prisoner, filed a motion for appointment of counsel. ECF 156. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask an attorney to volunteer to represent an indigent party for free. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

While Scruggs claims that he has contacted 20 attorneys for representation in his various cases (ECF 156 at 1), he has yet to receive any responses. Notably, there is no indication when Scruggs sent out this letter or who he sent it to. Nevertheless, even if Scruggs had made a reasonable attempt to obtain counsel on his own, he has not demonstrated that the case is too difficult or that he is not competent to litigate it own his own.

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to

> litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant. Rather, the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 655 (quotation marks and citations omitted). There are no fixed requirements for determining a plaintiff's competence to litigate his own case, but the court should take into consideration the plaintiff's "literacy, communication skills, educational level, and litigation experience." *Id.* In the end, "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.* "Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). "The inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (*quoting Pruitt*, 503 F.3d at 655).

Here, Scruggs does not indicate his education level. However, being familiar with many of his filings, it is clear that he is literate and knowledgeable about the facts of his case. In the past three years, he has litigated a number of lawsuits in this court and he has filed numerous motions. The issue in this case is not complex. It is limited to the interaction between Scruggs and four Westville Correctional Facility officers. He alleges that these defendants used excessive force against him on three occasions. Scruggs knows what he occurred on these dates. Thus, the facts of

this case are personally known to Scruggs. Scruggs complains about limited access to the law library, but this is not a basis to appoint counsel. Among the numerous inmates who are proceeding pro se in this court, Scruggs is not one of the most in need of an attorney. Based on the above, the motion will be denied. However, if at any point Scruggs needs additional time to comply with any deadline due to his *pro se* status or his limited access to the law library, he may request an extension in writing explaining why additional time is needed.

Next, Scruggs filed a motion (ECF 208) asking for copies of twenty (20) filed documents that were apparently lost when he was transferred from Westville to Wabash Valley. However, upon review of those twenty docket entries, the court can not discern why Scruggs would need any of those documents. Moreover, Scruggs does not explain why he needs any of them. Surely, if these documents are necessary and unavailable to Scruggs, the court will provide him with a free copy. Otherwise, copies are $.50 per page and Scruggs is not entitled to free copies or other public subsidy of the costs of litigating this case, even though he is proceeding *in forma pauperis*. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (indigent *pro se* prisoner had no "constitutional entitlement to subsidy. . . to prosecute a civil suit"); *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) ("All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs") (emphasis in original). In the interest of justice, the court will direct the clerk to send Scruggs a current docket sheet free of charge, but all other requested relief will be denied. After reviewing the docket, Scruggs may re-file his motion and explain what documents, if any, he needs out of the twenty that he is missing.

For these reasons, the motion (ECF 156) for appointment of counsel is **DENIED**. The clerk is **DIRECTED** to send the plaintiff a current docket sheet. All other relief requested in the plaintiff's motion (ECF 208) is **DENIED**.

SO ORDERED.

Dated this 20th Day of November, 2017.

<u>Michael G. Gotsch, Sr.</u>
Michael G. Gotsch, Sr.
United States Magistrate Judge